Filed 3/20/14  P. v. Vasco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074329 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036522) |
| v. | |
| MARK DALE VASCO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**BACKGROUND**

On April 24, 2012, law enforcement officers saw defendant Mark Dale Vasco driving his car without his headlights on.  He almost drove his vehicle into a curb and

1

abruptly jerked back. Law enforcement performed a traffic stop and subsequently a blood alcohol test. Defendant's blood alcohol level was .09 percent.

A complaint deemed an information charged defendant with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving while having a .08 percent or higher blood alcohol level (Veh. Code, § 23152, subd. (b)). As to each count, the information further alleged defendant had suffered three prior convictions for driving under the influence. (Veh. Code, §§ 23550, 23550.5.) Defendant filed a motion to suppress evidence. (Pen. Code, § 1538.5.) Prior to the trial court conducting a hearing or issuing a ruling on the motion to suppress, defendant pleaded no contest to driving under the influence of alcohol and admitted the prior conviction allegations. The remaining count was dismissed with a *Harvey* waiver.[1]

The trial court suspended imposition of sentence and placed defendant on five years' formal felony probation. The trial court also ordered defendant to serve 180 days in county jail and pay $2,240 in various fines and fees.

Defendant did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.) His notice of appeal indicates the appeal is based on the denial of his motion to suppress evidence. As noted above, there was no ruling on the motion to suppress evidence.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant. We have undertaken an examination

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

2

of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                            _____RAYE_____, P. J.


We concur:


_____ROBIE_____, J.


_____MAURO_____, J.